cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARONNE ANTHONY HAYES,<br><br>　　　　　　　Petitioner,<br>v.<br><br>ROBERT WONG, WARDEN,<br><br>　　　　　　　Respondent. | Civil No.07cv0133 W (AJB)<br><br>Report and Recommendation Denying Petitioner's Habeas Corpus Petition<br>[Doc. Nos. 1 and 8] |

Petitioner, Laronne Anthony Hayes, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his February 2005 conviction. Petitioner contends that his conviction must be reversed because the trial court refused to allow him to present evidence in support of his defense. Respondent filed an answer on March 26, 2007. [Doc. No. 4]. Petitioner filed a Traverse on April 16, 2007. [Doc. No. 6]. For the following reasons, the Court finds that Petitioner is not entitled to habeas relief as to any claim presented in the Petition, and recommends the Petition be **DENIED**.

## *Background*

### *I.    Underlying Facts*

During Petitioner's trial, he sought to present evidence, through a witness named Patricia Walker, who was the victims mother, that in the past, the victim had "set up" other men. Petitioner sought to introduce the evidence to show that past acts of the victim demonstrate a common design or

plan to set up men, to support Petitioner's defense that he had been "set up." Under state law, for such evidence to be admissible, it must share common features with the current case. Because the Petitioner and his counsel never described any specific past acts, the trial court ruled that the evidence was inadmissible. The trial court also rejected Petitioner's argument that the hearsay statements of the victim's mother, Patricia Walker, to Petitioner's Aunt, Janice George, which were relayed to Janice Williams should be admissible because it was a spontaneous declaration. Petitioner argued that Ms. Walker's hearsay statements should be admissible as an excited utterance because they occurred during a telephone conversation that took place immediately after Ms. Walker discovered the damage to her home. Petitioner's trial attorney told the court that Walker was very angry when she heard about the damage to her home because she knew that her daughter, the victim, had "set up people in a similar way in the past...."

The prosecutor stated that Ms. Walker had told her that no such conversation with Janice George took place. The People's investigator interviewed Janice George, and she told the investigator that although Ms. Walker was upset about the damage that occurred, she never told her that her daughter, the victim, had set people up in the past. The prosecutor objected to the proposed evidence as being hearsay and also argued that it should be excluded under Evidence Code section 352. West's Ann. Cal. Evid. Code § 352. The prosecutor also asserted that the alleged statement by Walker would not qualify as an excited utterance.

Petitioner's counsel stated that there was testimony indicating that Ms. Walker spoke to Ms. George the morning of the incident and that she was very upset. Counsel argued that the proposed evidence would demonstrate the victim's motive in making the allegations against Petitioner. Petitioner's arguments were rejected by the trial court, which excluded the proposed evidence, finding that it was hearsay on irrelevant matters to which there is no exception.

## II.  *State Proceedings*

Following the trial in February 2005, a San Diego County jury convicted Petitioner of assault with a firearm (with personal use of a firearm), grossly negligent discharge of a firearm, and unlawful possession of a firearm by a felon. The jury acquitted Petitioner of the charge of attempted murder and hung on the charge of false imprisonment by force. After trial, Petitioner admitted that, as a juvenile, he

had been found to have committed a carjacking, which qualified as a serious or violent felony under California's Three Strikes Law. [Lodgment 5 at 1]. The trial court imposed a prison term of sixteen years. [Lodgment 5 at 1].

Petitioner appealed his conviction to the California Court of Appeal, alleging that the trial court erred because it denied him the opportunity to present a defense when it denied his request to call a witness, Patricia Walker. On February 27, 2005, the Court of Appeal denied his appeal. [Lodgment 5 at 5]. Petitioner appealed to the California Supreme Court, but the court denied review, without comment or citation to authority, on May 10, 2006. [Lodgment 6].

## *Discussion*

Petitioner contends that he was deprived of his Constitutional right to present a defense by the trial court's denial of his request to call a witness, Patricia Walker, to present evidence of past acts by her daughter, the victim, that would establish a common design or plan to set up other men. Petitioner also tried to introduce hearsay statements of Patricia Walker to Petitioner's aunt, Janice George, that were relayed to Janice Williams, as a spontaneous declaration. The trial court denied Petitioner's requests on the grounds that the proffered evidence was inadmissible and the hearsay statements could not qualify as a spontaneous declaration because they did not describe or explain an event perceived by the declarant Ms. Walker.

### I.    *Standard of Review*

Title 28, United States Code, § 2254(a), sets forth the following scope of review:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C.A. § 2254(a) (West 2006) (emphasis added).

Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C.A. § 2254(d) (West 2006).

A state court's decision may be "contrary to" clearly established Supreme Court precedent: (1) "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision may involve an "unreasonable application" of clearly established federal law, "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. An unreasonable application may also be found, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.*

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . . Rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (internal quotation marks and citations omitted). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the United States Supreme] Court's decisions." *Williams*, 529 U.S. at 412.

Habeas relief is also available if the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C.A. § 2254(d)(2) (West 2006). In order to satisfy this provision, Petitioner must demonstrate that the factual findings upon which the state court's adjudication of his claims rest, assuming they rest on a factual determination, are objectively unreasonable. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## II.   *Petitioner's Due Process Claims Involving the Exclusion of Evidence*

The Petitioner asserts that his conviction must be reversed because the court refused to allow him to present evidence that the victim in this case had previously "set up" other men and that the

excluded evidence was relevant to prove a common scheme or plan by the victim under Evidence Code § 1101, subdivision (b).[1] West's Ann. Cal. Evid. Code § 1101. Petitioner also contends that the hearsay statements of Ms. Walker to Petitioner's aunt, Janice George, which were relayed to Janice Williams, were subject to the "spontaneous statement" hearsay exception, and therefore admissible.

The United States Constitution guarantees an accused a meaningful opportunity to present a complete defense.[2] However, an accused does not have an "unfettered right to offer [evidence] that is incompetent, privileged or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). The Supreme Court has found that the exclusion of evidence violates due process in limited contexts where the excluded evidence is both highly reliable and relevant to the defense or where the application of the evidentiary rule in question is not rationally related to its intended purpose. *Holmes*, 126 S. Ct. at 1734-35; *Green v. Georgia*, 442 U.S. 95, 97 (1979); *Chambers v. Mississippi*, 410 U.S. 284, 300-02 (1973).

Federal habeas review ordinarily does not apply to questions about the admissibility of evidence. *Estelle v. McGuire*, 502 U.S. 62 (1991). "[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). On federal habeas review, a due process inquiry is limited to whether exclusion of the evidence was either arbitrary or so prejudicial that it rendered the trial fundamentally unfair. *See Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999).

### *A.   Relevance of the Excluded Evidence*

---

[1] Evidence Code section 1101 provides in part:

(a) Except as provided in this section and in Sections 1102, 1103, 1108, and 1109, evidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion.
(b) Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or whether a defendant in a prosecution for an unlawful sexual act or attempted unlawful sexual act did not reasonably and in good faith believe that the victim consented) other than his or her disposition to commit such an act."

[2] *Crane v. Kentucky*, 476 U.S. 583, 690 (1956); *Holmes v. South Carolina*, 126 S. Ct. 1727, 1731 (2006).

The court of appeal stated in its opinion that under Evidence Code section 1101(b), evidence of a defendant's prior conduct is relevant only where the conduct and the charged offense are sufficiently similar to support the inference that they are signs of common design or plan. *People v. Ewoldt,* 7 Cal.4th 380, 402 (1994). In establishing a common design or plan, evidence of uncharged misconduct must demonstrate not merely a similarity in the results, but such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations. *Id.* at p. 403. Because evidence of uncharged offenses is so prejudicial, its admission requires extremely careful analysis to ensure that uncharged offenses are admissible only if they have substantial probative value. *Id.* at p. 404.

The appellate court found that Here, the offered proof consisted only of defense counsel's representation that Ms. Walker had told someone that her daughter, the victim, had set up other men in the past and had damaged other residences. No description was given of what the victim did, to whom it was done, whether it involved a gun, when the alleged acts occurred, or what was damaged. As a result, the court of appeal found that the trial court had no ability to compare specific acts and common factors between them. As such, the appellate court found that the trial court had properly found that the proffered evidence was inadmissible to show a common scheme or plan.

### B.  *Admissibility of the Proffered Hearsay Statements Under the Spontaneous Statement Exception to the Hearsay Rule*

Petitioner contends that the hearsay statements of Ms. Walker to Ms. George were subject to the "spontaneous statement" exception to the hearsay rule,[3] and therefore admissible. The spontaneous exception is set forth in Evidence Code § 1240, which provides:

> Evidence of a statement is not made inadmissible by the hearsay rule if the statement: (a) Purports to narrate, describe, or explain an act, condition, or event perceived by the declarant; and (b) Was made spontaneously while the declarant was under the stress of excitement caused by such perception.

---

[3] West's Ann. Cal. Evid. Code § 1200 provides:

> (a) Hearsay evidence is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated;
> (b) Except as provided by law, hearsay evidence is inadmissible;
> (c) This section shall be known and may be cited as the hearsay rule.

The appellate court upheld the trial court's finding that the proffered testimony did not fall within Evidence Code § 1240 because it did not narrate, describe, or explain an act, condition, or event perceived by the declarant. The appellate court found that there was no indication in the purported conversation between Ms. Walker and Ms. George, that Ms. Walker was describing anything she perceived. Furthermore, with regard to the victim's alleged past actions, there was no indication that Ms. Walker would describe events she witnessed. Thus, the appellate court found that the alleged telephone conversation did not qualify as a spontaneous statement under Evidence Code §1240. The appellate court conclude that the proffered evidence was not admissible under Evidence Code § 1101(b) or as a spontaneous statement exception to the hearsay rule under §1240. The court did not address Petitioner's additional claims that the court could not have excluded the evidence as unduly prejudicial under Evidence Code § 352 or that the court's error was prejudicial because it denied him the opportunity to present a defense, because the proffered evidence was neither relevant or admissible.

On federal habeas review, this Court's due process inquiry is limited to whether exclusion of the evidence was either arbitrary or so prejudicial that it rendered the trial fundamentally unfair. *See Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999). This Court cannot find that the state court's exclusion of this evidence was either arbitrary or prejudicial based upon the record, because the excluded evidence was not reliable or relevant and the trial court's application of California Evidence Code §§ 1101 and 1240 were rationally related to their intended purpose. As such, this Court cannot finds that the state court's adjudication of Petitioner's claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C.A. § 2254(d)(2) (West 2006). As a result, the Petitioner has failed to demonstrate that the state court's denial of his claim was contrary to, or an unreasonable application of, clearly establish federal law, as determined by the United States Supreme Court or was based on an unreasonable determination of the state court evidence. As such, this Court recommends that the Petition be **DENIED**.

### *Conclusion*

For the reasons set forth above, the Court recommends that the Petition for Writ of Habeas Corpus be **DENIED**. This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any written

objections to this Report and Recommendation must be filed with the Court and a copy served on all parties on or before *January 10, 2008.* The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before *January 24, 2008.* The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: December 21, 2007

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court